UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Erik Becerra,                                                 Case No. 24-cv-1249 (JRT/LIB)

        Petitioner,

v.                                                            **REPORT AND RECOMMENDATION**

United States of America,

        Respondent.

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Petitioner Erik Becerra is a civil detainee of the federal government for reason of mental illness. See United States v. Becerra, 73 F.4th 966 (8th Cir. 2023). Petitioner has filed a petition for a writ of habeas corpus naming the United States as Respondent. That habeas petition, however, does not challenge the validity of Petitioner's ongoing civil commitment, but rather the validity of state-court convictions for robbery and kidnapping incurred by Petitioner nearly two decades ago. See State of Minnesota v. Becerra, No. 27-cr-05-53919 (Minn. Dist. Ct.). Becerra's habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

As a result of that review, this Court recommends that the habeas petition be summarily **DENIED** and this case **DISMISSED without prejudice**.

Petitioner anticipates one obvious problem with his habeas petition—that it is plainly untimely. Under 28 U.S.C. § 2244(d)(1),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the present action, the criminal judgment challenged by Petitioner became final nearly two decades ago. Further, the record now before the Court lacks any obvious reason that Petitioner could not have challenged the conviction earlier. Section 2244(d), then, would appear plainly to bar the petition.

Petitioner insists, however, that the Court should proceed to the merits of his petition because he is actually innocent of the robbery and kidnapping offenses to which he pleaded guilty in state court. To be sure, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). But it is not enough merely to plead that one is actually innocent of the offense in order to bypass the statute of limitations. That showing of actual innocence must also be "convincing." Id.

In the present case, Petitioner's claim of actual innocence is less than convincing. Petitioner claims he is actually innocence because he possessed an "England liscence [sic] that allows petitioner to abduct a person for up to 3-5 days," (Petition [Docket No. 1] at 2), and he therefore could not have committed the crime of kidnapping. As the Eighth Circuit observed when reviewing

2

Petitioner's appeal of his civil commitment, this explanation is attributable to "delusional memories caused by his mental illness," United States v. Becerra, 73 F.4th 966, 970 (8th Cir. 2023); it is not convincing evidence of Petitioner's actual innocence.

But Petitioner's habeas petition fails for a more fundamental reason than timeliness. Federal district courts have jurisdiction to consider a habeas petition challenging the validity of a state-court judgment only where the petitioner is "in custody" as a result of that state-court judgment. See 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (noting that the "in custody" requirement is jurisdictional); United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971) ("the sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody' . . . ."). Petitioner is in custody in a sense—he is a civil detainee of the federal government—but that detention has nothing to do with the state-court judgment that he is looking to challenge in this proceeding. The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91. Petitioner fails this test; his custodial term for the kidnapping and robbery offenses ended long ago. He thus can no longer seek freedom from that custody through a habeas petition in federal court.

Because the Court lacks jurisdiction over the habeas petition due to Petitioner no longer being in custody as a result of the state-court judgment at issue, it is recommended that the petition be denied without prejudice and this case dismissed on that basis. Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court would do anything other than summarily dismiss this matter on the grounds recommended above. Accordingly, it is recommended that a COA not be issued in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Erik Becerra, [Docket No. 1], be **DENIED**;

2. This matter be **DISMISSED without prejudice**; and

3. No certificate of appealability be issued.


Dated: April 17, 2024                     s/ Leo I. Brisbois
                                          Hon. Leo I. Brisbois
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).