**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ERIK BECERRA,

                                                    Civil No. 24-1249 (JRT/LIB)
                        Petitioner,

v.                                              **MEMORANDUM OPINION AND ORDER**
                                                   **ADOPTING REPORT AND**
UNITED STATES OF AMERICA,                          **RECOMMENDATION**

                        Respondent.

---

Erik Becerra, Reg. No. 18590-041, FMC Rochester, P.O. Box 4000, Rochester, MN 55903, *pro se* Petitioner.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Erik Becerra is civilly detained by the federal government because of his mental illness. *See United States v. Becerra*, 73 F.4th 966, 968 (8th Cir. 2023). Becerra filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his 2005 state court convictions for robbery and kidnapping. (Pet. for Writ of Habeas Corpus ("Pet.") at 1, Apr. 9, 2024, Docket No. 1); *Becerra*, 73 F.4th at 970. Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") denying Becerra's petition. (R. & R. at 4, Apr. 17, 2024, Docket No. 4.) Becerra objected to the R&R, arguing that even though his petition is untimely, the Court should consider its merits because he is actually innocent of the state convictions and thus entitled to the exception for an untimely habeas petition. (Obj. to R. & R. ("Obj.") Apr. 29, 2024, Docket

No. 6.)  After de novo review, the Court finds that Becerra's petition should be denied because his petition is untimely and the Court lacks jurisdiction to consider the validity of Becerra's Minnesota convictions.   Accordingly, the Court will overrule Becerra's objections, adopt the Magistrate Judge's R&R, and dismiss Becerra's petition without prejudice.

## BACKGROUND

In 2005, Becerra was convicted of robbery and kidnapping in Minnesota state court.  *See State v. Becerra*, No. 27-cr-05-53919 (Minn. Dist. Ct.).  Then in 2018, Becerra was sentenced to two 80-month terms of imprisonment to be served concurrently for being a felon in possession of a firearm and being a felon in possession of ammunition. Sent'g Judgment at 1–2, United States v. Becerra, No. 15-187 (D. Minn. Aug. 7, 2018), ECF No. 177.  Upon completion of Becerra's sentence, and at the request of the United States, Becerra was committed to the custody of the Attorney General because he posed a significant danger to the public due to his mental disorders.  *Becerra*, 73 F.4th at 968.

Becerra now brings a habeas petition, arguing that his 2005 Minnesota state convictions are invalid.  (Pet. at 1–4.)  Becerra also argues that because he is actually innocent of the crimes, he is entitled to the exception for an untimely habeas petition. (*Id.* at 1.)  The Magistrate Judge issued an R&R recommending denial of Becerra's petition because it was untimely and for lack of jurisdiction.  (R. & R. at 2–4.)  Following the R&R, Becerra filed an application to proceed in district court without prepaying fees or costs ("IFP Application").  (Appl. To Proceed Without Paying Fees & Costs ("IFP"), Apr. 25, 2024,

-2-

Docket No. 5.)  Shortly after filing an IFP application, Becerra filed general objections to the R&R, insisting that he is entitled to the actual innocence exception to untimely habeas petitions.  (Obj. at 1–2.)  In response, the United States asserts that the R&R should be adopted in its entirety.  (Resp. to Obj. ("Resp.") at 1, May 3, 2024, Docket No. 7.)

**DISCUSSION**

## I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. Mar. 30, 2015).

A document filed by a pro se litigant is to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require de novo review of all alleged errors.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  However, "pro se litigants are not excused from

failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   ANALYSIS

Becerra objects to the R&R's finding that he failed to establish he is innocent of his state convictions for robbery and kidnapping.  He contends that he can overcome untimeliness because he has shown evidence that no juror would convict him of those crimes.  The Court disagrees.

As a threshold matter, Becerra's petition is untimely.  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to a state court judgment must file a petition for writ of habeas corpus within one year of the final judgment.  A claim of actual innocence, if proved, however, serves as an exception to overcome § 2244(d)(1)'s one-year limitation period.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  Evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* 401.  This is a demanding standard and requires the petitioner to demonstrate that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In support of his claim of actual innocence of kidnapping, Becerra states that he possessed an "England liscence [sic] that allows [him] to abduct a person for 3-5 days." (Pet. at 2.)  Regarding his robbery conviction, Becerra claims he is innocent because he never robbed the victim, as he "was holding [the victim's] money to protect it" and "gave

-4-

[the victim] all his money back." (*Id.* at 3.)  Despite Becerra's arguments, the Court is not convinced of Becerra's actual innocence because Becerra pled guilty to these crimes, and he is civilly committed due to mental illnesses.  *See Becerra*, 73 F.4th at 968.  As a result, Becerra's petition is untimely.

Even if it were timely, however, Becerra's petition would fail.  Although Becerra did not object to the R&R's conclusion that the Court lacks jurisdiction to review Becerra's petition, the Court finds that it indeed lacks jurisdiction.  A prisoner may challenge the validity of a state court judgment when they are in custody because of the state court judgment.  *See* 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (requiring the habeas petitioner to be "in custody" under the conviction or sentence being attacked at the time the petition is filed).  Becerra, however, is not in custody due to a state court judgment.  Rather, Becerra is civilly committed by a federal court's order pursuant to 18 U.S.C. § 4246.  Therefore, the Court lacks jurisdiction to review the validity of Becerra's state court convictions.

The Court will also not grant a certificate of appealability.  Becerra's petition is being denied on a procedural basis.  To receive a certificate of appealability on a procedural question the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Proctor v. Payne*, No. 21-2001, 2022 WL 274515, at *2 (8th Cir. Jan. 31, 2022) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because the Court does not find this procedural

-5-

ruling to be one that can be reasonably disputed, it will not issue a certificate of appealability.

**CONCLUSION**

The Court does not have jurisdiction to consider the validity of Becerra's Minnesota convictions.  As such, the Court will adopt Magistrate Judge Brisbois's R&R, overrule Becerra's objections, and dismiss Becerra's Petition in its entirety without prejudice.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Docket No. 6] to the Report and Recommendation are **OVERRULED**;

2. Magistrate Judge Leo I. Brisbois's Report and Recommendation [Docket No. 4] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

4. Petitioner's IFP Application [Docket No. 5] is **DENIED** as moot; and

5. **This action is DISMISSED without prejudice.**

---

[1] Dismissal without prejudice means that Becerra is allowed to re-file his Petition in the future if there is new information relevant to the Court's decision.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 23, 2024
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                 United States District Judge